UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BISSO MARINE CO., INC. | CIVIL ACTION |
| v. | NO. 14-0375 |
| TECHCRANE INTERNATIONAL, LLC, ET AL. | SECTION "F" |

## ORDER AND REASONS

Before the Court is plaintiff Bisso Marine, LLC's motion to remand this case to Civil District Court, Orleans Parish. Having reviewed the pleadings, memoranda, and the relevant law, the Court, for the reasons that follow, GRANTS the motion to remand.

## Background

In summer 2011, plaintiff brought this suit in Civil District Court, Parish of Orleans, against Elevating Boats, LLC (EBI), a manufacturer of cranes and crane parts, and Techcrane International, LLC (Techcrane), its authorized dealer. Bisso seeks reimbursement of the purchase price, damages, and attorney fees in connection with Bisso's purchase of two hybrid cranes from Techcrane. Claims in Bisso's original petition include claims for redhibition, misrepresentation, post-sale failure to warn, and products liability. Bisso requested a jury trial of all issues.

In 2013, EBI moved for summary judgment, arguing that the claims Bisso asserted fell within the court's maritime jurisdiction and that maritime law did not provide Bisso with a valid claim against EBI. The trial court judge denied EBI's motion, finding

1

that EBI had failed to establish maritime jurisdiction.  EBI filed a writ application to the Louisiana appellate court.

On December 10, 2013, Bisso filed a First Supplemental and Amending Petition adding as defendants Techcrane's insurer, Liberty Surplus Insurance Company (Liberty), and EBI's insurer, ProCentury Insurance Company (ProCentury).  Bisso served ProCentury with a copy of its Amending Petition on January 17, 2014.

In the Amending Petition, Bisso also added two claims against Techcrane arising out of Techcrane's post-sale crane certification and installation services, which were separate and apart from the sales of the cranes.  Because Techcrane performed its installation and certification work on a vessel, Bisso alleged that the claims arising out of those services were governed by maritime law.  Bisso also alleged entitlement to punitive damages to the extent that maritime law applied to any of the claims asserted.

On February 18, 2014, ProCentury filed a Notice of Removal with this Court under 28 U.S.C. §§ 1333(1), which grants federal district courts original jurisdiction over admiralty and maritime claims, 1441, and 1446.

On June 4, 2014, the case was stayed administratively and closed, to be reopened if necessary on motion of counsel.  Counsel for Bisso filed an ex parte motion to reopen the case and return the proceeding to active docket, which was granted on August 15, 2014.  Bisso now moves for remand.

I.

Unless "otherwise expressly provided by Act of Congress," a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). It is well settled that, when faced with a motion to remand, the removing party "bears the burden of establishing that federal jurisdiction exists." De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). In determining whether jurisdiction exists, the court considers jurisdictional facts as they exist at the time of removal. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Additionally, because removal jurisdiction implicates important federalism concerns, the federal removal statute is subject to strict construction. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988); Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997). Any ambiguities regarding the propriety of removal jurisdiction should be resolved in favor of remand and against federal jurisdiction. See, e.g., Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

II.

Bisso raises several preliminary matters. Bisso contends that ProCentury's Notice of Removal is untimely, that EBI waived its ability to consent to removal by participating in the state court litigation, and that the post-2011 version of the removal statutes

does not apply to Bisso's cause of action because it was filed before the effective date.

Under the current 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." ProCentury received Bisso's Amending Petition on January 17, 2014, and filed the Notice of Removal on February 18, 2014, just over thirty days later. The parties disagree about whether the thirty-day clock began to run on January 17 or earlier,[1] but even under the later date argued by defendants, their Notice of Removal was untimely. Failure to petition timely may render removal improvident, but the Court will consider the other issues raised. Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986).

Bisso contends that EBI waived its right to consent to removal by participating in the state court litigation. In response, the defendants argue that EBI did not waive its right to consent, that, even if it did, this waiver would not prevent ProCentury from removing, and that Bisso is estopped from raising the waiver issue for the first time in its recent filings. The current version of 28 U.S.C. § 1446(b)(2)(C) provides that "[i]f defendants are served

---

[1]Bisso contends that ProCentury had thirty days in which to file as of July 2013 when EBI received Bisso's written discovery responses that revealed the maritime nature of its claims. The Court finds, however, that under the last-served defendant rule in 28 U.S.C. § 1446(b)(2)(B), ProCentury had thirty days from the date it was served.

4

at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  The old version, with the so-called first-served defendant rule, provided the opposite.  See Felder v. Countrywide Home Loans, No. H-13-0282, 2013 WL 6805843, at *2 (S.D. Tex. Dec. 20, 2013) (explaining the old first-served defendant rule and the adoption of the new last-served defendant rule).  Under the new rule, the Court does not find support for Bisso's contention that EBI waived its right to consent to removal.

Bisso argues that the 2011 amendments to the removal statutes do not apply to this proceeding because Bisso's claims were filed before the amendments' effective date.  The Federal Courts Jurisdiction and Venue Clarification Act of 2011 states that it applies to any action commenced on or after January 6, 2012. Pub. L. No. 112-63 § 105, 125 Stat. 758, 762 (2011).  Removed actions are "deemed to commence on the date the action was commenced, within the meaning of State law, in State court."  Id.  Under Louisiana law, "'amendments that add a defendant "commence" the civil action as to the added party.'"  Freeman v. Phillips 66 Co., No. 14-311, 14-624, 2014 WL 1379786, at *1 n.1  (E.D. La. April 8, 2014) (quoting Braud v. Transport Serv. Co. of Ill., 445 F.3d 801, 804 (5th Cir. 2006)).  Because Bisso filed its Amending Petition naming ProCentury as a defendant in December 2013, the current

5

version of the removal statutes applies.

III.

At issue is whether a maritime case brought in state court is within this Court's removal jurisdiction based on admiralty jurisdiction alone. For more than 200 years, the answer to this question has been no. Admiralty has been historically considered as different from actions in law. The defendants argue that recent amendments to the general removal statute, 28 U.S.C. § 1441, must now lead courts to a different conclusion. But this Court, in agreement with other cases from this district,[2] finds that the prohibition on removal of admiralty cases does not lie in § 1441, but rather in § 1333 and the saving to suitors clause.

The current removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a)(2012).

The statutory grant of admiralty jurisdiction provides:

---

[2]Gregoire v. Enterprise Marine Servs., LLC, No. 14-810, 2014 WL 3866589 (E.D. La. Aug, 6. 2014); Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC, No. 14-934, 2014 WL 3796150 (E.D. La. July 29, 2014); Perrier v. Shell Oil Co., No. 14-490, 2014 WL 2155258 (E.D. La. May 22, 2014); Tilley v. American Tugs, Inc., No. 13-6104 (E.D. La. May 16, 2014); Barry v. Shell Oil Co., No. 13-6133, 2014 WL 775662 (E.D. La. Feb. 25, 2014).

6

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

28 U.S.C. § 1333 (2012). The defendants read these two passages in combination to mean that because the federal district courts have original jurisdiction over admiralty claims under § 1333, such claims are removable under § 1441.

Before the 2011 amendments, § 1441(b) read:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship of residence of the parties. <u>Any other such action</u> shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006) (emphasis added). Maritime claims do not arise under the Constitution, treaties, or laws of the United States for purposes of federal question jurisdiction under § 1331. See <u>Romero v. Int'l Terminal Operating Co.</u>, 358 U.S. 354, 367 (1959). Thus, under the prior version, the Fifth Circuit reasoned that maritime claims were addressed in the second sentence with the "any other such action" language. The court construed the "any other such action" language as an "Act of Congress" that "expressly provided" that maritime claims were not removable under § 1441(a). <u>In re Dutille</u>, 935 F.2d 61, 63 (5th Cir. 1991). Instead, such

7

actions required an independent, nonadmiralty ground for federal jurisdiction, like diversity.

The 2011 amendments removed the "any other such action" language, leading some courts to find that § 1441 no longer prohibits the removal of maritime claims brought in state court.[3] These courts have found that maritime claims are freely removable because they are within the federal court's original jurisdiction.

But this analysis fails. It overlooks the long history of maritime removal jurisdiction; it is based on the mistaken premise that § 1333 confers original federal jurisdiction over maritime cases brought at law, as opposed to in admiralty; and it gives the defendants the power to convert the plaintiff's suit at law to a suit in admiralty.

A.

Article III, Section 2 of the United States Constitution vests federal courts with jurisdiction over all cases of admiralty and maritime jurisdiction. U.S. Const. art. III, § 2. The Judiciary Act of 1789 codified this jurisdictional grant as follows:

>     That    the    district    courts    shall    have,

---

[3]See Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772 (S.D. Tex. 2013). See also Provost v. Offshore Serv. Vessels, LLC, CIV.A. 14-89-SDD-SCR, 2014 WL 2515412 (M.D. La. June 4, 2014); Genusa v. Asbestos Corp. Ltd., CIV.A. 13-794-JJB-RLB, 2014 WL 1831190 (M.D. La. May 8, 2014); Carrigan v. M/V AMC AMBASSADOR, No. H-13-03208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); Bridges v. Phillips 66 Co., CIV.A. 13-477-JJB-SCR, 2013 WL 6092803 (M.D. La. Nov. 19, 2013); Wells v. Abe's Boat Rentals Inc., No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013)(following Ryan).

> exclusively of the courts of the several States . . . exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction . . . within their respective districts as well as upon the high seas; <u>saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it</u>.

Ch. 20, § 9, 1 Stat. 73 (emphasis added). The last passage, commonly known as the saving to suitors clause, has remained largely unchanged over the centuries. Today it reads:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>.

28 U.S.C. § 1333 (2012) (emphasis added). The clause reserves to admiralty claimants all remedies that would be available at common law. <u>Lewis v. Lewis & Clark Marine, Inc.</u>, 531 U.S. 438, 454 (2001). Thus, it has developed that federal courts' admiralty jurisdiction "is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." <u>Madruga v. Superior Court of State of Cal. in & for San Diego Cnty.</u>, 346 U.S. 556, 560 (1954). State courts are "competent to adjudicate maritime causes of action in proceedings in personam, that is, where the defendant is a person, not a ship or some other instrument of navigation." <u>Id.</u> at 560-61 (internal punctuation

9

omitted).

The saving to suitors clause has always been understood to preserve the remedy, not the forum. A distinction not without an important difference. Thus, admiralty cases filed in state court that fall within the federal court's jurisdiction under an independent, nonadmiralty doctrine, such as diversity, have always been removable. For centuries the savings clause has provided a maritime plaintiff with three options: (1) sue in admiralty in federal court under admiralty jurisdiction, (2) sue at law in state court, or (3) sue at law in federal court "if he can make proper parties to give that court jurisdiction of his case." The Belfast, 74 U.S. 634, 644 (1868). This long history remains unchanged by the 2011 amendments to the removal statute.

B.

Section 1333 does not give federal courts subject matter jurisdiction over maritime claims brought at law. See Coronel v. AK Victory, No. C13-2304JLR, 2014 WL 820270, at *7 (W.D. Wash. Feb. 28, 2014) ("[I]nherent in both the majority and the dissent's analysis [in Romero] is the conception that 28 U.S.C. § 1333 did not convey subject matter jurisdiction to federal courts hearing maritime claims brought at law."). In Romero, the Court explained that under the Judiciary Act of 1789, admiralty jurisdiction was "exercised according to the historic procedure in admiralty, by a judge without a jury. In addition, common-law remedies were, under

the saving clause, enforceable in the courts of the States and on the common-law side of the lower federal courts when the diverse citizenship of the parties permitted." 358 U.S. at 363. The Court remarked that "[t]o draw such an inference [that maritime claims at law are within the jurisdiction of the federal courts] is to find that a revolutionary procedural change had undesignedly come to pass." Id. at 369. Since Romero, courts have maintained that saving clause cases cannot be removed based on admiralty jurisdiction. See, e.g., Barker v. Hercules Offshore, Inc., 713 F.3d 208, 219 (5th Cir. 2013) ("[E]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court.").

C.

A plaintiff can bring a maritime suit in federal court either in admiralty or at law. The differences between the two are procedural. See, e.g., Fed. R. Civ. P. 14(c) (third party practice), 38(e) (no jury trial), and 82 (lack of venue restriction). The most notable distinction is the right to a trial by jury. The Seventh Amendment right to a jury trial does not apply to cases brought in admiralty. Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 20 (1963).

Here, Bisso filed its petition in state court and requested a jury trial in its petition. It brought its suit at law. See

11

Barker, 713 F.3d at 222 ("[A]dmiralty jurisdiction is not present in this suit because Barker filed in state court, thereby invoking the saving-to-suitors exception to original admiralty jurisdiction."). Because § 1333 does not provide federal subject matter jurisdiction over maritime claims on the law side of the court, and because there is no other basis for federal jurisdiction (i.e., diversity jurisdiction does not apply), Bisso could not have filed the same lawsuit in federal court. This Court lacks original jurisdiction, and thus removal is inappropriate.

Assuming arguendo that Bisso's claims could have been filed in admiralty,[4] removal to the admiralty side of the Court would ignore the saving to suitors clause. Allowing removal would strip Bisso of its right to a jury trial. ProCentury and EBI say that the Court can easily resolve this problem by allowing Bisso to have a jury trial. They reason that because there is no prohibition against jury trials for cases brought in admiralty, federal courts can remain faithful to the saving to suitors clause by granting jury trials in such cases. Defendants, however, ignore the historical distinction between suits brought in admiralty and at law, as well as the careful balance of judicial power between federal and state courts. See Romero, 358 U.S. at 372 ("By making maritime cases removable to the federal courts it would make

---

[4]ProCentury contends that Bisso's claims fall under the Court's admiralty jurisdiction. For the sake of argument, the Court will assume that they do. Removal is improper either way.

considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters–a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve."). This Court will not depart from precedent to fashion the new scheme that defendants propose.

The Court is mindful that removal jurisdiction is strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). When subject matter jurisdiction is doubtful, remand is appropriate.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court, Orleans Parish, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).


New Orleans, Louisiana, September 10, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE